UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'RON A. CHEEVES, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTINE CORPUS, et al., <br><br> Defendants. | Case No.  25-cv-01445-VC <br><br><br> **ORDER VACATING JUDGMENT AND REOPENING CASE; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

De'Ron Cheeves, a detainee at Maple Street Correctional Center in San Mateo County proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court dismissed and closed the case for failure to file a complete *in forma pauperis* (IFP) application or pay the filing fee and entered judgment. Dkt. Nos. 6, 7. Cheeves has now completed his IFP application and requested to reopen the case. Dkt. No. 14. He is granted leave to proceed IFP by separate order. For the reasons identified below, judgment will be vacated, the case reopened, and the complaint dismissed with leave to amend.

## DISCUSSION

**I.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.      Cheeves's Allegations

Cheeves sues now-former sheriff of San Mateo County, Christina Corpus, and alleges that the "no mail policy" from October 5, 2022 to the date of filing causes him financial hardship and impacts his relationship with his family members. He seeks damages.

## III.     Analysis

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning *incoming* mail received by prisoners from non-prisoners. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989). In the case of *outgoing* correspondence from prisoners to non-prisoners, an exception to the *Turner* standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal

prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. *See id.* at 411-412.

Cheeves has not provided enough information about the policy he challenges for the court to determine whether he states a cognizable claim. In addition, he has not explained how the defendant is responsible for the policy. He may file an amended complaint in which he describes the policy in greater detail and explains how it is attributable to the former sheriff herself.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1.     The Clerk shall vacate the prior judgment and reopen the case.

2.     Even liberally construed, the allegations do not give rise to any federal claims against any defendants. The complaint is dismissed with leave to amend to remedy the deficiencies noted above.

3.     If Cheeves wishes to file a First Amended Complaint (FAC), he must do so within twenty-eight days from the date of this order. The FAC must include the caption and civil case number used in this Order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Cheeves must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from his original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case with prejudice.

3. It is Cheeves's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____

VINCE CHHABRIA
United States District Judge