UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'RON A. CHEEVES,<br><br>        Plaintiff,<br><br>   v.<br><br>CHRISTINE CORPUS, et al.,<br><br>        Defendants. | Case No.  25-cv-01445-VC<br><br>**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

De'Ron Cheeves, a detainee at Maple Street Correctional Center in San Mateo County proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court previously dismissed the complaint with leave to amend. The First Amended Complaint (FAC) is now before the court for screening, and is again dismissed with leave to amend.

## DISCUSSION

**I.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are

not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.    Cheeves's FAC

The court previously dismissed Cheeves's complaint against now-former sheriff of San Mateo County, Christina Corpus, challenging the jail's "no mail policy," for lacking enough information about the policy he challenged for the court to determine whether he states a cognizable claim. His FAC simply repeats the same allegation that the "no mail" policy violates his constitutional rights, and attaches a copy of a document titled "Inmate Mail & Money." The document, which is presumably the jail's mail policy, explains how letters can be sent to inmates through the Smart Communication system by mailing them to an address in Seminole, Florida. The policy directs that mail must include a name and return address, and envelopes must not be decorated, and lists prohibited items and materials.

The document Cheeves attaches does not show a "no mail" policy. To the extent Cheeves is alleging that the mail takes longer to reach jail detainees because it must be sent first to Florida, he needs to provide more detail to state a cognizable claim to that effect. If he chooses to file a Second Amended Complaint to attempt to state a cognizable First Amendment claim about access to mail, he should explain how long it has taken for him to receive letters and what financial hardship he or his family members have suffered as a result of the mail system.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1.      Even liberally construed, the allegations do not give rise to any federal claims against any defendants. The FAC is dismissed with leave to amend to remedy the deficiencies noted above.

2.      If Cheeves wishes to file a Second Amended Complaint (SAC), he must do so within twenty-eight days from the date of this order. The SAC must include the caption and civil case number used in this Order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Cheeves must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from his original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case with prejudice.

3. It is Cheeves's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    **IT IS SO ORDERED.**

Dated: 7/14/2026

_____
VINCE CHHABRIA
United States District Judge

3